UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DEBRA TRIMACHI | : | CIVIL ACTION NO. 3:18CV2017(SRU) |
| *Plaintiff* | : | |
| | : | |
| v. | : | |
| | : | |
| STATE OF CONNECTICUT, | : | |
| WORKERS' COMPENSATION | : | |
| COMMISSION | : | |
| *Defendant* | : | December 13, 2019 |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

I.      **INTRODUCTION**

Plaintiff, Debra Trimachi, brings this action against the State of Connecticut, Workers' Compensation Commission, asserting claims pursuant to Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §§ 2000e, *et seq.*, the Age Discrimination in Employment Act of 1967, as amended, ("ADEA"), 29 U.S.C. §§ 621 *et seq.,* and the Americans with Disabilities Act of 1990, as amended, ("ADA"), 42 U.S.C. §§ 12101 *et seq*. Defendant moves to dismiss Plaintiff's ADA and ADEA claims pursuant to Federal Rule of Civil Procedure 12(b)(1) as barred by the Eleventh Amendment.  Defendant also moves to dismiss plaintiff's Title VII claim pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief can be granted.

II.      **RELEVANT ALLEGED FACTS**

Plaintiff alleges the following relevant facts in her Complaint.  Plaintiff alleges that the defendant failed to promote her on April 3, 2017.  (Complaint, ¶4).  She further alleges that she was working out of class "performing duties, as assigned to other seven Districts, by paralegals and one secretary II."  *Id*. Plaintiff also claims that she was subjected to a consistent hostile

working environment resulting in a "materially altered workplace." (Complaint, ¶5).  The

Plaintiff alleges that there were several "investigative" meetings regarding religious harassment

by a co-worker without relief. (Complaint, ¶6).  She alleges that her yearly appraisals were

lowered by her manager from excellent to fair. *Id.*  She further alleges that her supervisor allows

tardiness and long lunch breaks, early dismissal, texting and napping.  *Id.*  She claims that her

supervisor ignored security breaches brought to his attention.  *Id.* She further alleges that

physical accommodations were ignored by the defendant. *Id.*  She also claims that human

resources conducted inadequate investigations, warning letters up to and including suspensions

and that her manager minimizes/ignored co-workers' hostility towards her. *Id.* Plaintiff alleges

that these actions occurred from 2015 to the present. (Complaint, ¶8).

The plaintiff alleges that she received a Right to Sue letter from the EEOC on September

10, 2018.  (Complaint, ¶10).  The Plaintiff also claims that the CHRO determined there was no

probable cause that discrimination occurred with a no reasonable cause finding dated July 25,

2018, but questions the determination because she claims she was denied a proper fact finding

conference. (Complaint, ¶11).

**III.    STANDARD OF REVIEW**

**A.  12(b)(1) Lack of Subject Matter Jurisdiction**

Under Fed. R. Civ. P. 12(b)(1), "[a] case is properly dismissed for lack of subject matter

jurisdiction . . . when the district court lacks the statutory or constitutional power to adjudicate

it."  *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  The plaintiff bears the burden

of proving the existence of subject matter jurisdiction.  *Id.*  In determining whether the plaintiff

has met this burden, the Court must "construe jurisdictional allegations liberally and take as true

uncontroverted factual allegations." *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir. 1994).

**B.  12(b)(6) Failure to State a Claim**

Federal Rule of Civil Procedure 8(a) requires a complaint to plead "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  To withstand a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . .  The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. . . .  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556, 557) (internal quotation marks omitted).

In determining whether the plaintiff has met this standard, the Court must accept the allegations in the complaint as true and draw all reasonable inferences in the light most favorable to the non-moving party.  *See e.g., In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007).  However, courts do not accept as true a plaintiff's legal conclusions, and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements. . . ." *Iqbal*, 556 U.S. at 678.

3

IV.   **ARGUMENT**

### A. **Plaintiff's ADA and ADEA Claims Against the Judicial Branch Are Barred**

Plaintiff's ADA and ADEA claims against the Judicial Branch are barred by the Eleventh Amendment.  The Eleventh Amendment provides that the "Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."   Unless a state waives its sovereign immunity or Congress abrogates that immunity through legislation, "a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment" regardless of whether that suit seeks damages or injunctive relief. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99–101 (1984).  "This proscription extends to any entity considered to be an "arm of the State," *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 280 (1977).  "Abrogation of state sovereign immunity is accomplished neither by ADA Title I, *see Board of Trustees of the Univ. of Ala. v. Garre*tt, 531 U.S. 356, 368 (2001), nor by the ADEA, *see Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 91 (2000)." *Darcy v. Lippman*, 356 F. App'x 434, 436 (2d Cir. 2009).  The State of Connecticut has not waived its sovereign immunity and consented to suit in federal court under either the ADEA or the ADA.  *See e.g., Tomasko v. W. Connecticut State Univ.*, No. 3:11CV1019 JBA, 2012 WL 3062156, at *2 (D. Conn. July 26, 2012).  As such, plaintiff's ADA and ADEA claims against the State of Connecticut, Workers' Compensation Commission, must, therefore, be dismissed pursuant to F.R.C.P. 12(b)(1) for lack of subject matter jurisdiction on the basis of Eleventh Amendment immunity.

**B.  Plaintiff's Title VII Claim Must be Dismissed for Failure to State a Claim**

While it is true that the pleadings and allegations of a pro se plaintiff must be construed liberally for the purposes of Rule 12(b)(6), and "the submissions of a pro se litigant should be interpreted to 'raise the strongest arguments that they suggest[,]' the Court cannot invent factual allegations that the plaintiff has not pleaded." *Allen v. City of New York*, No. 18-CV-9663 (JGK), 2019 WL 5450874, at *2 (S.D.N.Y. Oct. 23, 2019).  *See, also, Sealy v. State Univ. of New York At Stony Brook*, No. 17CV01137LDHLB, 2019 WL 5781883, at *2 (E.D.N.Y. Sept. 30, 2019) ("Still, 'even pro se plaintiffs asserting civil right claims cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a 'right to relief above the speculative level.' " citing, *Jackson v. NYS Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010).  To survive a motion to dismiss a Title VII claim for discrimination, the plaintiff must show "(1) that she is a member of a protected class, (2) that she was qualified for the position she sought, (3) that she suffered an adverse employment action, and (4) can sustain a minimal burden of showing facts suggesting an inference of discriminatory motivation." *Allen v. City of New York*, 2019 WL 5450874, at *5, citing, Littlejohn v. City of New York, 795 F.3d 297, 311 (2d Cir. 2015).  Viewing the alleged facts in the Complaint in the light most favorable to plaintiff, she has failed to allege any adverse action and failed to allege any facts "suggesting an inference of discriminatory motivation." Further, she has failed to allege any facts rising to the level of a hostile work environment based upon any protected class.

1.  Plaintiff's Claims of Failure to Promote and Religious
   Discrimination  Were Not Exhausted

Plaintiff's claim that she was refused a promotion on April 3, 2017 and any claims of religious harassment or discrimination were not properly exhausted at the CHRO.  She did not

raise these claims at the CHRO.[1] (CHRO Complaint and Draft No Reasonable Cause Finding attached hereto as Exhibits A and B). "It is well established that Title VII requires a plaintiff to exhaust administrative remedies before filing suit in federal court. *See, e.g., Ragone v. Atl. Video at Manhattan Ctr.,* 595 F.3d 115, 126 (2d Cir.2010) (citing 42 U.S.C. § 2000e5(e) and (f)); *Legnani v. Alitalia Linee Aeree Italiane, S.P.A.,* 274 F.3d 683, 686 (2d Cir.2001) (same). "The purpose of this exhaustion requirement is to give the administrative agency the opportunity to investigate, mediate, and take remedial action." *Brown v. Coach Stores, Inc.,* 163 F.3d 706, 712 (2d Cir.1998) (internal quotation marks omitted). The administrative exhaustion requirement applies to *pro se* and counseled plaintiffs alike. *See Pikulin v. City Univ. of N.Y.,* 176 F.3d 598, 599–600 (2d Cir.1999) (per curiam)." *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 384 (2d Cir. 2015).

It is well established that a court has jurisdiction only over those claims specifically raised in the federal EEOC charge or CHRO complaint, or those arising subsequent to the CHRO/EEOC filing, but which are reasonably related thereto.  *Butts v. New York Dept. of Hous. Preservation & Dev.*, 990 F.2d 1397, 1401 (2d. Cir. 1993); *Smith v. American President Lines,*

---

[1] Where a plaintiff alleges in the complaint that charges of discrimination have been filed with the CCHRO and EEOC, those charges themselves "may be considered either as matters referenced in the complaint or as public records subject to judicial notice." *Lunardini v. Massachusetts Mut. Life Ins. Co.*, 696 F. Supp. 2d 149, 157 (D. Conn. 2010) (internal citations and quotation marks omitted).  When ruling on a Rule 12(b)(6) motion, a district court may take judicial notice of, among other things, "records and reports of administrative bodies." *Thomas v. Westchester County Health Care Corp*, 232 F. Supp. 2d 273, 275 (S.D.N.Y. 2002) [citations omitted]; see also *Leonard F. v. Israel Discount Bank of New York*, 199 F.3d 99, 107 (2d Cir.1999);  "The plain purpose of th[is] exception is to prevent plaintiffs from generating complaints invulnerable to Rule 12(b)(6) simply by clever drafting." (Internal quotation marks omitted). *Id.*

*Ltd.*, 571 F.2d 102, 107 (2d Cir.1978).  A plaintiff generally may not sue on a different theory of discrimination than that raised before the CHRO/EEOC because it deprives the administrative agency of its statutory role to investigate and ameliorate such claims first. *See Raytheon Co. v. Hernandez*, 540 U.S. 44, 52-53 (2003) (finding that the court erred in addressing disparate impact claim as opposed to simply disparate treatment claim because two separate theories involved different character of evidence and analysis); *Malarkey v. Texaco, Inc.*, 983 F.2d 1204 (2d Cir. 1992) (plaintiff not permitted to amend federal complaint with different course of conduct than alleged within EEOC charge).

Although the Second Circuit recently held that the exhaustion of administrative remedies is an affirmative defense in *Hardaway v. Hartford Pub. Works Dep't*, No. 16-3074, 2018 WL 385217, at *1 (2d Cir. Jan. 12, 2018), the court should treat this like the defense of statute of limitations. "While a statute of limitations is an affirmative defense, *United States v. Spero*, 331 f.3d 57, 60 n.2, (2d Cir. 2003) it is properly raised in a motion to dismiss when the facts supporting the defense appear on the face of the complaint. *McKenna v. Wright*, 386 F.3d 432, 436 (2d Cir. 2004); *United States v. Space Hunters, Inc.,* 429 F.3d 416, 426 (2d Cir. 2005); *Roberts v. Babkiewicz*, 563 F.Supp. 2d 358, 360 (D.Conn. 2008). "  As the Second Circuit has held, "[w]hen "a defendant ... raise[s] an affirmative defense in a pre-answer Rule 12(b)(6) motion," a court may grant the motion "if the defense appears on the face of the complaint." *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008)." *Town of Mamakating, New York v. Lamm*, 651 F. App'x 51, 53 (2d Cir. 2016).  Here the defense appears on the face of the complaint and it is proper for the Court to grant the motion to dismiss under these circumstances.

In *Butts* the Second Circuit discussed three situations where the  unexhausted claims may be "reasonably related" to properly presented claims: (1) "where the conduct complained of would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination;" (2) where the "claim is one alleging retaliation by an employer against an employee for filing an EEOC charge" and (3) "where a plaintiff alleges further incidents of discrimination carried out in precisely the same manner alleged in the EEOC charge." *Butts,* 990 F.2d at 1402–03.  Plaintiff has not asserted any retaliation claims in her Complaint so only the first and third factors are applicable here.

In this case, it is clear that the plaintiff's newly alleged claims of failure to promote in April of 2017 and religious discrimination and/or harassment are not reasonably related to the claims in her CHRO complaint.  With regards to any claim of discrimination based on religion, in her CHRO complaint the plaintiff did not check the box on the complaint form to indicate she was making a claim for discrimination based on religion or religious creed/creed. Although "merely checking a box, or failing to check a box does not necessarily control the scope of the charge," *see Cooper v. Xerox Corp.,* 994 F.Supp. 429, 436 (W.D.N.Y.1998), the absence of a checkmark weighs against concluding that the plaintiff has alleged discrimination on the basis of the claim designated by that box. *See, e.g., Hurt v. Donahoe,* No. 07–CV–4201 (ENV)(LB), 2011 WL 10526984, at *4 (E.D.N.Y. Feb. 24, 2011), *aff'd,* 464 F. App'x 40, 41 (2d Cir.2012) (summary order).   Besides that, "[t]he more critical analysis is whether there is any explanation or description supporting a particular claim." *Cooper,* 994 F.Supp. at 436" *Graciani v. Patients Med., P.C*., No. 13-CV-2751 NGG RLM, 2015 WL 5139199, at *16 (E.D.N.Y. Sept. 1, 2015). There is no mention in the plaintiff's CHRO complaint of anything having to do with religious discrimination whatsoever. (See CHRO Complaint, ¶23).  With regards to the plaintiff's

unexhausted failure to promote claim, the plaintiff's CHRO complaint, filed on June 14, 2016, was filed well before the plaintiff alleges she was refused a promotion in April of 2017.  This is a discrete act and nowhere in the CHRO complaint does the plaintiff claim or allege that she had applied for or was denied a promotion.

In her CHRO complaint the plaintiff makes allegations of failure to accommodate an alleged disability, allegations of "working out of class" and alleged hostile conduct by a co-worker named Helen. (See CHRO complaint attached hereto).  Nothing in these allegations would compel the CHRO to broaden the scope of its investigation to include a possible failure to promote claim or a claim of religious discrimination.  *See Smering v. FMC Corp.*, No. 01-CV-721S, 2004 WL 2191561, at *10 (W.D.N.Y. Sept. 24, 2004).  Furthermore, it is clear from the CHRO's Draft No Reasonable Cause Finding after investigation that at no point were these claims actually raised or investigated by the CHRO. (See Draft No Reasonable Cause finding attached hereto).  Finally, the allegations of a failure to promote claim or religious discrimination claim cannot be considered to be a further incident of discrimination carried out in precisely the same manner as alleged in plaintiff's CHRO complaint because those claims are wholly unrelated to anything other than an alleged failure to accommodate and poor treatment by another co-worker. These entirely new and distinct assertions are **not** reasonably related to the allegations raised in the CHRO complaint such that they reasonably would have been investigated or adjudicated by the CHRO, and in fact they were not during the course of the investigation. *See Miller v. Nortion*, No. 04-CV-3223 (CBA), 2008 WL 905830, at *5 (E.D.N.Y. Mar. 31, 2008), *aff'd sub nom. Miller v. Kempthorne*, 357 F. App'x 384 (2d Cir. 2009) (failing to raise a pay grade or being passed over for various promotions could not reasonably expected to grow out of an investigation into either a failure of a superior to correct an administrative error regarding

deductions from a paycheck or an investigation into a breach of confidentiality); *Chandler v. AMR American Eagle Airline*, 251 F.Supp.2d 1173, 1178-79 (concluding that the plaintiff's allegation that he was denied an opportunity to move from part time to full time work was not reasonably related to his EEO complaint, which alleged only a denial of pay raises). Specific to the newly raised religious discrimination claim, "[c]ourts in the Second Circuit have held that claims alleging discrimination based upon a protected classification which are different than the protected classification asserted in administrative filings are not reasonably related." *Wilson v. Family Dollar Stores*, 2007 WL 952066, at *5 (E.D.N.Y. 2007) (citation and internal quotation marks omitted). *Casseus v. New York Coll. of Health Professions,* No. CV151914SJFAYS, 2016 WL 7029157, at *12 (E.D.N.Y. Nov. 10, 2016), *report and recommendation adopted,* No. 15CV1914SJFAYS, 2016 WL 7017364 (E.D.N.Y. Dec. 1, 2016). Therefore, these newly asserted claims must be dismissed as administratively unexhausted.

### 2.   Plaintiff Has Not Alleged an Adverse Action

The plaintiff has not alleged an adverse employment action for purposes of a *prima facie* disparate treatment claim. "[A]n adverse employment action [is] a 'materially adverse change' in the terms and conditions of employment. To be materially adverse, a change in working conditions must be 'more disruptive than a mere inconvenience or an alteration of job responsibilities.' Examples of such a change include 'termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices ... unique to a particular situation.'" *Sanders v. New York City Human Res. Admin.*, 361 F.3d 749, 755 (2d Cir. 2004) (internal citations omitted). "An adverse employment action may or may not entail economic loss, but there must be a link between the discrimination and some "tangible job benefits" such

as "compensation, terms, conditions or privileges" of employment. *Alfano v. Costello*, 294 F.3d 365, 373 (2d Cir. 2002) (internal citations omitted).

Besides the unexhausted claim of failure to promote which should be dismissed as discussed above, the plaintiff has not made any allegation in her complaint of anything that could be considered to be an adverse action.  Although the plaintiff has alleged in her complaint a reference to a suspension, the complaint does not allege that her suspension resulted in a loss of pay and a suspension with pay is not a materially adverse change in terms and conditions of employment. *See Brown v. City of Syracuse*, 677 F. Supp. 2d 576, 578 (N.D.N.Y. 2010), aff'd, 673 F.3d 141 (2d Cir. 2012).  The plaintiff has not alleged in her complaint that she has lost any tangible job benefit as required under Title VII.  Not every action that makes an employee unhappy is an actionable adverse action.  *Pimentel v. City of New York*, 2002 U.S. Dist. LEXIS 8454, (S.D.N.Y. 2002).   "Reprimands, threats of reprimands, and excessive scrutiny of an employee . . . do not constitute materially adverse employment actions." *Oliphant v. Connecticut Dept. of Transportation,* No. 3:02cv700 (PCD), 2006 U.S. Dist. LEXIS 77021, at *19 (D. Conn. Oct. 20, 2006).  With respect to heightened scrutiny by an employer, it is well-settled that "[t]o qualify as an adverse employment action, excessive scrutiny must be accompanied by unfavorable consequences." *Benedith v. Malverne Union Free Sch. Dist.,* 38 F. Supp. 3d 286, 325 (E.D.N.Y. 2014)(citing *Scafidi v. Baldwin UnionUnion Free Sch. Dist.,* 38 F. Supp. 3d 286, 325 (E.D.N.Y. 20Free School Dist.,* 295 F.Supp.2d 235, 239 (E.D.N.Y.2003)). The plaintiff alleges that she received a "fair" rating on her performance appraisals, however, "a negative performance evaluation only qualifies as an adverse employment action if there are accompanying adverse consequences affecting the terms of employment." *Chukwuka v. City of New York*, 795 F. Supp. 2d 256, 261 (S.D.N.Y. 2011), aff'd, 513 F. App'x 34 (2d Cir. 2013).  The

plaintiff has not alleged that here. As the complaint is bereft of any allegations that qualify as an adverse employment action, plaintiff's Title VII claim should be dismissed.

### 3. Plaintiff has Failed to Allege any Facts Suggesting an Inference of Discriminatory Motivation

The plaintiff has also failed to state a plausible claim for relief because she offers only mere conclusory statements that she was discriminated against by the defendant.   The plaintiff does not present any factual allegations that would give rise to an inference of discrimination. Circumstances that may give rise to an inference of discrimination include an employer's criticism of an employee's performance in offensive terms relating to her protected class; actions or records by decision makers which could be viewed as reflecting a discriminatory animus; and invidious comments about others in a protected class. *Chambers v. TRM Copy Centers Corp.,* 43 F. 3d 29, 37 (2d Cir. 1994); *Chertkova v. Connecticut Gen. Life Ins. Co.*, 92 F.3d 81, 91 (2d. Cir. 1996). "[P]urposeful discrimination requires more than 'intent as volition or intent as awareness of consequences.... It instead involves a decisionmaker's undertaking a course of action 'because of, not merely in spite of, the action's adverse effects upon an identifiable group.' " *Id.* (quoting *Personnel Adm'r of Mass. v. Feeney,* 442 U.S. 256, 279, 99 S.Ct. 2282, 60 L.Ed.2d 870 (1979))." *Reynolds v. Barrett*, 685 F.3d 193, 204 (2d Cir. 2012).

"It is axiomatic that mistreatment at work is actionable under Title VII only when it occurs because of an employee's ... protected characteristic." *Patane v. Clark*, 508 F.3d 106, 112 (2d Cir.2007) (emphasis added).   Failure to plead facts that "create an inference that any adverse action taken by any defendant was based upon [a protected class]" warrants dismissal. See *Id.* (internal punctuation omitted).  The court's role "is to prevent unlawful hiring practices, not to act as a superpersonnel department that second guesses employers' business judgments." *Byrnie v. Bd. of Educ.*, 243 F.3d 93, 103 (2d Cir.2001).

When a complaint is bereft of any factual allegations that can support a Title VII claim it must be dismissed.  *Hussey v. New York State Department of Law/Office of Attorney General*, 933 F. Supp. 2d 399 (E.D.N.Y. 2013).   In *Hussey* the plaintiff, an African-American, female Assistant Attorney General who worked in the Environmental Protection Bureau sued the New York Office of the Attorney General alleging violations of Title VII.   Plaintiff applied for the position of Toxic and Cost Recovery Section Chief but a Caucasian male was selected for the position instead of the plaintiff.  Plaintiff alleged that upon information and belief that the decision to deny her the promotion was motivated by racial discrimination. *Id*. at 403.   The court dismissed the claims finding that Hussey was required to allege *some facts*, not mere conclusions, plausibly suggesting that the decision to pass her over for the promotion that the white male received was made because of race.  *Id.* at 407.   Hussey failed to "set forth any link between the failure to promote her and the alleged discriminatory animus of the defendants that could save her claim from the defendant's motion to dismiss."  *Id.* at 408.   The plaintiff has "identifie[d] no … circumstances and pleads no facts giving rise to any inference of racially discriminatory intent" with respect to the defendants failure to promote her.  *Id*. at 409; citing *Johnson v. City of New York*, 669 F. Supp. 2d 444, 450 (S.D.N.Y. 2009).

Similarly in *Alvarez v. Rosa*, 2012 WL 651630 (S.D.N.Y. 2012), plaintiff's Title VII complaint was dismissed.  The court stated, "[w]hile plaintiff identifies the age range, race and national origin of the woman who was ultimately hired for the Assistant Teacher position (see id.), she does not allege facts from which the Court might reasonably infer that such woman was promoted because of her race, national origin or age (as compared to plaintiff's)."  *Id*. at *4.

The Complaint here is bereft of any such allegations.  The plaintiff's allegations that she was discriminated against because of her race, color or religion[2] do not meet the pleading requirements of *Iqbal*.   Plaintiff fails to plead any facts to support her claim that the defendant intentionally discriminated against her based on any of these protected classes.  Plaintiff fails to provide any factual allegations that the defendant had any discriminatory animus.  Furthermore, she fails to identify any particular conduct or remarks made by any decision maker that could be viewed as showing discriminatory animus.  Plaintiff offers no factual basis for her claim that the defendant intentionally discriminated against her based on her race, color or religion[3].

The plaintiff has failed to allege sufficient non-conclusory factual allegations to nudge her claims across the line from conceivable to plausible as required by *Iqbal* and *Twombly* and therefore the claims must be dismissed.

4.   <u>Plaintiff has Failed to Allege any Facts to Support a Hostile Work Environment Claim</u>

Plaintiff attempts to allege a hostile work environment claim, however the plaintiff does not, and cannot as a matter of law, plead facts sufficient to establish such claims.  Plaintiff's claims do not rise to the level of a hostile work environment as they are neither severe nor pervasive. Nor, as discussed above, are they connected to any protected class. To establish a claim of hostile work environment, the plaintiff must prove that the work place is "permeated with discriminatory intimidation, ridicule, and insult that was sufficiently severe or pervasive to

---

[2] The defendant maintains that plaintiff's religious discrimination claim is unexhausted and should be dismissed on that basis, but if the Court considers that claim as properly exhausted it should be dismissed for these reasons as well.
[3] In fact, in her CHRO complaint, the plaintiff alleges that she is white, her supervisor is white, and her supervisor allows a black co-worker and a white co-worker to take long lunch breaks and leave early.  These allegations belie any claims of discrimination based upon her race or color.

alter the conditions of [her] employment." *Harris v. Forklift Systems*, 510 U.S. 17, 21, 114 S. Ct. 367, 370 (1993); *Gallagher v. Delaney*, 139 F.3d 338, 347 (2d Cir. 1998). "

    The offensive conduct must be of such a severity to alter the terms and conditions of employment. *Oncale v. Sundowner Offshore Servs., Inc.,* 523 U.S. 75, 80, 118 S. Ct. 998, 140 L. Ed. 2d. 201 (1998).   Whether an "environment is sufficiently hostile or abusive" must be judged by looking at all the circumstances, including the frequency of discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance... [citation omitted]. Hence, "a recurring point in our opinions is that simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment.*" Clark County School Board Dist. v. Breeden*, 532 U.S. 268,  270-271 (2001).  The allegedly offensive conduct "must be more than episodic; they must be sufficiently continuous and concerted in order to be deemed pervasive." *Faragher v. Boca Raton,* 524 U.S. 775, 787 (1998).  "Furthermore, the conduct that creates a hostile work environment must be motivated by the plaintiff's protected characteristic."  *Khan v. HIP Centralized Laboratory Services, Inc.*, 2007 U.S. Dist. Lexis 23721, * 14 (E.D.N.Y. 2007).

    In short, personality conflicts between employees are not the business of the federal courts." *Vore v. Indian Bell Telephone Co. Inc.*, 32 F.3d 1161, 1162 (7th Cir. 1994).  Thus, the fact that a supervisor is rude or disrespectful of an employee, or yells at or criticizes him or her, will not support a hostile work environment claim in the absence of any connection to a protected characteristic.  *See Breeding v. Arthur J. Gallager and Co.,* 164 F.3d 1151, 1159 (8th Cir. 1999).

Here the plaintiff has failed to state a plausible claim for relief because she offers merely conclusory statements that she was subjected to a hostile work environment by the defendant, and what facts she does plead do not do not rise to the level required by the law to change the terms and conditions of her employment and create a colorable claim for hostile work environment[4].  The plaintiff alleges that there have been several investigative meetings about religious harassment, that her yearly appraisals have been lowered to fair, that her manager allows tardiness, long lunch breaks, early dismissals, texting and napping, that she has brought security breaches to his attention which have been ignored, inadequate investigations by human resources, warning letters up to an including suspension, and her manager minimizing and ignoring co-workers hostility towards her without any pleading as to any such hostility.  These allegations are conclusory, not connected to any protected class and simply do not rise to the level to state a claim for a hostile work environment.

The plaintiff's claims are not of  such severity and character as to itself subvert the plaintiff's ability to function in the workplace, such as the circumstances presented in *Howley v. Town of Stratford*, 217 F.3d 141 (2d Cir. 2000).  In that case, a woman firefighter was subjected to sexually explicit and degrading barrage of insults, delivered in front of her subordinates by a firefighter who also resisted orders from Howley and spread rumors questioning her competence. *Howley*, 218 F.3d at 148, 154-55.  The Court concluded that a rational juror could view such a tirade as humiliating and resulting in an intolerable alteration of Howley's working conditions based on the nature of the firefighters' occupation in requiring unquestioning execution of line-of-command orders in emergency situations and the negative effect of gender-based skepticism

---

[4] As above, the defendant maintains that plaintiff's religious discrimination claim is unexhausted and should be dismissed on that basis, but if the Court considers that claim is properly exhausted it should be dismissed for these reasons as well.

16

as to the competence of a commanding officer's ability to lead in the life-threatening circumstances faced by firefighters.  *Howley*, 217 F.3d at 154.  When a complaint is bereft of any factual allegations that can support a Title VII claim it must be dismissed.  *Hussey v. New York State Department of Law/Office of Attorney General*, 933 F. Supp. 2d 399 (E.D.N.Y. 2013).  The plaintiff's  Complaint with is bereft of any such factual allegations.  The plaintiff has failed to allege sufficient non-conclusory factual allegations to nudge her claims across the line from conceivable to plausible as required by *Iqbal* and *Twombly* and therefore the hostile work environment claims must be dismissed.

V.    **CONCLUSION**

For the foregoing reasons, the Defendant respectfully requests that the Court grant this Motion to Dismiss Plaintiff's Complaint in its entirety.

DEFENDANT,

WORKERS' COMPENSATION COMMISSION

WILLIAM TONG
ATTORNEY GENERAL

By:      _/s/ *Jennifer P. Bennett*_____
Jennifer P. Bennett
Assistant Attorney General
165 Capitol Avenue
Hartford, CT 06106
Tel:  (860) 808-5340
Fax: (860) 808-5383
E-mail: Jennifer.P.Bennett@ct.gov
Federal Bar # ct28790

## <u>CERTIFICATION</u>

I hereby certify that on December 13, 2019 a copy of the foregoing Motion to Dismiss and Notice to Pro-Se Litigant was filed electronically.  Notice of this filing was sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

_/s/ <i>Jennifer P. Bennett</i>_____
Jennifer P. Bennett
Assistant Attorney General
